Chief Justice Rob' rtson
delivered the opinion of the court.
Ts-ie appellees, as heirs of Thomas Todd, sued the appellant and anotuer, in an act.on of trespass, and, on the general issue, recovered a judgment against the appellant for $>oG0 in damages; his associate in the action having been found not guilty.
The declaration contains three counts; the 1st. is", for trepass, quara clausum fr,-git and cutting and carrying away timber' trees of great value; the 2nd is, for carrying away a Iatge quantity of cord-wood, which was lying on the land of the appellees and belonged to them; the 3rd. is, for cutting .brees on, and carrying the wood from, the land of the appellees.
The proof is, that Thomas Todd was the patentee of the land, hut that neither himself nor the appellants (appellees,) who are proved to be his heirs, had ever actually entered on the land; that the appellant was living on a part of the land when the alleged trespasses were committed, but without any other evidence of title to it, than his naked occupants* which had been continued, without demarcation <ss$fciaim of any particular boundary, for about three years; that many cords of wood had been cut and put up on the land by the servants or agents of the appellant and by him sold, in the j'ears 18'i5-8 and 7; and that Thomas Todd was dead, but there was no evidence as to the time when he died.
The appellant moved for anew trial, for reasons stated in his own affidavit; and because, as he insisted, the verdict was contrary to law and evidence.
The affidavit contains no sufficient ground for a new trial. Its object was to show, that the appellant was not prepared for trial, and why he was not; but he has not shown satisfactory reason?. His witnesses might have been summoned, although he was from home. It does not appear that his absence, for so long a time as six weeks, was necessary; and even if his *336 witnesses bad been in court, and had sworn to what be supposed they would, it is very questionable whether their testimony should have benefit ted him.
Trespass, miare clausum fregit can be maintained only by a person in actual possession of the locus i'l quo, at the time of the injury Trespass qua-re clausum, frrcannot be maintained by a poison who has only a lct>al or constructivo possession of the Incus in quo at the time of the injury.
The mere tille <o land, does not, before an actual entry upon it, ¡vive'to the owner such constructive possession, as to enable him to maintain tresspass for an injury to it. None but the actual posses-for a breach of the close or doneto the^ freehold.
A patent, m • this country, but not thepos" •«session infact.
Whether or not the other ground for a new trial should avail, must be determined by considering the declaration and the proof.
The 1st. count was not sustained. Trespass quare clausum f.Ye,git, can hemainta.ned, onty by a person in actual possession of the locus in quo at the date of the injury. A meie legal or constructive possession will not maintain such an action. In this respect, there is an essential difference between personal and real estate. Property in a chattle, generally draws with it the possession “O as to authorize the owner to maintain trespass; but the mete title to land does not, before actual entry upon it, give any such constructive possession or right; and therefore, trespass being an intrusion upon, and aniuj try fo i he actual possessor, no other person can maunam t -e-pass for a breach of the close, or for any injury done to ¡he freehold. Ba. ab. Trespass C. 3. Com. Dig. Tresspass B. 3. 11 Plowden, 528. III Levins, 299. I Cifitty on Pleading, 176-7. I Johnston’s Reports (Campbell vs. Arnold, 512). Toby vs. Webster, (III Ibid 468.) Hyat vs. Wood (IV Ibid 150-313.) Dunham vs. Stuyvesant, (XI Ibid 569.) III Bibb, 75. Walton vs. Clark, (IV Bibb, 219.) II Sanders on Pleading, 454. III Bla. Com. 210. Dyer 285. III Starkies Ev. 1436.
The statute of uses did not operate so as to transfer the actual possession to the use. Gil. on Uses 230. II Fonb. 12.
patent in this country gives the seizin in law, but bbe possession in fact. Possession in law is not possesion in fact. One is constructive, the other is actual, Speed vs. Buford, III Bibb, 74. It has been said that the legal seizin is sufficient to maintain trespass, when no person was i-n actual possession; 1 Esp, part 2nd, 2(ro. ‘
... . But this dictum must 3 ield to an overwhelming weight opposing authority. If, according to some of the foregoing authorities, a patent does not give the actual possession, and if legal possession merely, will roí; maintain trespass quare clausum fregit, then, of *337 course,>a patentee without actual seizin cannot tiiin such an action,, even though no person was actually seized.
As tfees, before they are cut, belong to the land, the owner of the land cannot maintain trespass for cutting them down, unless ■ he has actual possession of them, at the . time of the injury.
The patentee, although he' never was in actual possession of the land, may maintain trespass, against the occupant, for carrying away cord-wood, after it has been cut and severed from the freehold.
An intruder .does not gain,
The doctrine sustained by the foregoing and many other authorities, has been too long and too firmly settled to be now shaken or questioned. And we should have deemed it not only unnecessary but improper to cite authorities in support of it, if the counsel for the appellees had not zealously insisted, that a mere constructive possession or legal seizin is sufficient to maintain trespass for an intrusion on the close. There are some exceptions from the doctrine in certain cases, operating by relation and by a jus postliminii. But this case is not within any of the exceptions.
The 1st. count will not, therefore, sustain the verdict, and, consequently, the circuitcourt did right in directing the jury to disregard it.
The 3d. count, also, ought to have been disregarded. It charges the cutting down and carrying away of trees. As the trees, before they were cut, belonged to the land, the appellees could not maintain trespass for cutting them down, unless they had been actually possessed of them. Case would be the appropriate remedy. Wherefore, a general verdict on- the 3d. count could not be sustained.
But as the 2d. count only charges a trespass in carrying away cord-wood, after it had been cut and severed from the freehold, the action upon that count may be maintained. After the severance of the trees from the soil, the owners of the land were still entitled to the wood, and to its value, as prepared for market; but it was then only a chattle interest, and, consequently, trespass is maintainable for a removal of it from the land without the consent of the owners. Trepass vi ■:-et armis de bonis asportatis may he sustained for the removal of the corded wood; Ba. ab. Trespass C. 3. s. 54. I Sanders’ Rep’s. 322, a. n. 5. I Chitty on Pleading, 179. Ibid, 159. Com. Digt. Biens. H.
The possession of the appellant cannot affect the right of the appellees to the cord-wood. He has not shown any pretence of title to the land; his possession CQtsld not have extended beyond his actual close; and even that far it has not been shown to have been a *338 ‘•lawful possession.” An intruder docs not gain such a possession as will even authorize him to maintain trespass quart clausum fregit] Ba. a. supra.
íuoh ¡l posr-es•iion as will authorize him to maintain. tresspass, guare clausum fregit-
Heirs, cannot maintain trespass for' an injury committed,in the life time of the ancestor, hy carrying aivay cord wood from (he land of their ancestor.
Mills, Brown and Mordicad, for appellant; Benny, for appellees.
It seems, therefore, that upon the 2d. count, the verdict is not contrary to law., But we are of opinion that it is not justified by the evidence.
There was no proof, whatever, of the time when the paieniee died. It was not shown, therefore, that tue carrying away of the wood was a trespass upon the rights of the heirs. They could not maintain the action, if the wood had been carried away in the lifetime of their ancestor; and without a particle of proof, tending in any degree, to establish the time when he died, the jury had no right to presume that he died before the-trespass was committed. If he died afterwards, his heirs cannot maintain this action; I Chitty on Pleading, 54. II Banders’ Reps. 252, a. n. 7. II Inst. 305.-
WNrefore, the evidence was not sufficient to authorize the verdict.
judgment reversed, and cause remanded for a new-trial.